# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:13-cr-003

                                        District Judge Walter Herbert Rice
- vs -                                 Magistrate Judge Michael R. Merz

RAJA THOMAS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of defendant Thomas' Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 80). The Motion represents Defendant was convicted on his guilty plea to one count of conspiracy to possess with intent to distribute in excess of one kilogram of heroin. *Id.* at ¶ 4. As with all post-judgment collateral attacks on criminal judgments at the Dayton seat of Court, the Motion has been referred to the undersigned for recommendation.

Thomas pleads two Grounds for Relief.

> **Ground One:** Violation of Movant's Sixth Amendment right to effective assistance of counsel.
>
> **Supporting Facts:** Ineffective assistance of counsel during the plea negotiation phase of criminal proceedings. Counsel offered Movant faulty and erroneous advice, that he would only be

1

>exposed to four (4) years of supervised release as recommended by the U.S.S.G. This resulted in the signing of the plea being unknowing and involuntary, as Movant was sentenced to 10 years of supervised release, more than double the guideline recommendation.
>
>**Ground Two**:  Violation of Movant's Fifth Amendment right to Due Process of Law.
>
>**Supporting Facts:**  The Court committed a plain error violation of due process when it did not give Movant notice that the Court contemplated upward departure from the U.S. Sentencing Guidelines Manual because (l) Movant was denied a chance to comment by Court's failure to inform him of contemplated upward departure, (2) decision to depart upward without providing notice violated clear direction of Fed. R. Crim. P. 32(h), and (3) the error resulted in increased sentence of supervised release, more than double the guideline recommendation, thus affecting Movant's substantial rights.

(Motion, ECF No. 80, PageID 401-02.)

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

>The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Procedural History**

The grand jury for this District returned a three count Indictment against Thomas on January 8, 2013 (ECF No. 16).  On February 9, 2015, Thomas pled guilty to Count 2 of the Indictment before District Judge Walter Rice, pursuant to a Plea Agreement filed the next day (ECF No. 65).  After preparation of a Presentence Investigation Report by the Probation Department and the filing of a Sentencing Memorandum (ECF No. 70), Judge Rice sentenced Thomas to the term of imprisonment and supervised release of which he complains (Minute Entry ECF No. 71; Judgment ECF No. 72).  Thomas took no appeal, but filed the instant Motion to Vacate within the time allowed by law.

# ANALYSIS

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Thomas complains that his trial attorney did not tell him that his maximum supervised release exposure for the offense of conviction was ten years, thereby depriving him of the effective assistance of counsel.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by

3

> the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

It certainly would be ineffective assistance of trial counsel to advise a client that he only faced a possible supervised release term of four years when the statute in fact provides a maximum term of supervised release for life. The Court will assume without deciding that that

4

is what Mr. Durden told Thomas.[1] Whatever Mr. Durden may have said on the subject of supervised release, Thomas suffered no prejudice because the Plea Agreement itself clearly specifies that the possible term of supervised release is four years up to life (Plea Agreement, ECF No. 65, PageID 324, ¶ 3). Thomas signed the Plea Agreement on February 9, 2015. *Id.* at PageID 328. The Magistrate Judge assumes[2] Judge Rice followed his usual practice of meticulously reviewing the Plea Agreement at the time it was accepted, so Thomas had an opportunity to hear that possible term of supervised release from the Court and to ask any question he may have had.

Therefore the First Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Two: Denial of Due Process**

In his Second Ground for Relief, Thomas asserts he was denied due process by the Court's failure to notify Thomas that it contemplated an upward departure from the Guidelines as to supervised release. Thomas complains this deprived him of an opportunity to comment and violated Fed. R. Crim. P. 32(h). That rule provides:

> **(h) Notice of Possible Departure from Sentencing Guidelines**. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

---

[1] To determine what in fact Mr. Durden said, the Court would have to pierce the attorney-client privilege, a step not necessary given the additional analysis here.
[2] No transcript has been prepared of the plea colloquy.

5

The United States did not file a Sentencing Memorandum, so it did not identify a basis for departure.  The PSR also did not identify any factors that might warrant a departure (PSR ¶ 122).  Conversely, Thomas himself made no argument in his Sentencing Memorandum about a potential supervised release sentence.

Unlike a departure in imprisonment terms, an upward departure on supervised release is an issue which could be easily dealt with at sentencing, during allocution.  Defendant does not indicate he made any complaint at sentencing about the upward departure on supervised release.

More fundamentally, Thomas has procedurally defaulted this claim by failing to appeal. Whether the omission of notice of intended upward departure was "error" or "plain ettor," is was plainly available to be raised on direct appeal and was not.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation

omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724. The procedural default analysis of *Wainwright* and its progeny is fully applicable to § 2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Therefore Ground Two for Relief is procedurally defaulted and should be dismissed with prejudice.

**Conclusion**

In accordance with the foregoing analysis, the Motion to Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 25, 2016

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

7

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).