# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:13-cr-003

                                            District Judge Walter Herbert Rice
- vs -                                    Magistrate Judge Michael R. Merz

RAJA THOMAS,

                Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Thomas' Objections (ECF No. 84) to the Magistrate Judge's Report and Recommendations (ECF No. 82) recommending dismissal of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 80).  District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 85).

Thomas's Motion to Amend (ECF No. 83) has been granted so that the two Grounds for Relief are

> **Ground One:** Violation of Movant's Sixth Amendment right to effective assistance of counsel.
>
> **Supporting Facts:** Ineffective assistance of counsel during the plea negotiation phase of criminal proceedings.  Counsel offered Movant faulty and erroneous advice, that he would only be exposed to four (4) years of supervised release as recommended by the U.S.S.G. This resulted in the signing of the plea being

1

unknowing and involuntary, as Movant was sentenced to 10 years of supervised release, more than double the guideline recommendation.

**Ground Two**: Ineffective Assistance of Counsel

**Supporting Facts:** Counsel failed to object to the Court's imposition of a term of supervised release that was two and one-half times greater than that recommended by the United States Sentencing Guidelines, either in the sentencing memorandum or at the sentencing hearing.

(Motion, ECF No. 80, PageID 401-02); (Motion to Amend, ECF No. 83, PageID 421.)

# ANALYSIS

**Objection One**

Thomas first objects that the court did not grant his Motion for Extension of Time to file a memorandum in support of his § 2255 Motion.  He claims he is entitled to the extension under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), and *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  The Supreme Court held in *Haines* that the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  However, this laxity does not apply to straightforward scheduling requirements which are as understandable by a layman as by a lawyer.  *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).  *Pro se* litigants are required to adhere to basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no special treatment is to be afforded

to ordinary civil litigants who proceed *pro se*. *Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988). "Where . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Rules Governing § 2255 Cases neither require nor provide for filing a memorandum in support of the motion to vacate, although this Court routinely accepts such memoranda when they are tendered with the motion. But Defendant had over nine months from the time his conviction became final to prepare his Motion to Vacate.

**Objection Two**

The Magistrate Judge construed the First Ground for Relief as being that trial counsel did not tell Thomas that his maximum exposure for supervised release was ten years (Report, ECF No. 82, PageID 414). Thomas correctly points out in the Objections that his claim is that trial counsel told him he would only be exposed to four years of supervised release as recommended by the Sentencing Guidelines.

The Report assumes the truth of Thomas's statement about what his attorney, Aaron Durden, said to him about supervised release. *Id.* at PageID 416. Even assuming that is true, Thomas has not established the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), because Judge Rice recited the correct term in the plea colloquy and the correct term of four years to life is spelled out in the Plea Agreement (ECF No. 65, PageID 324, ¶ 3).

Nothing in the Objections attempts to show any prejudice from the alleged incorrect advice. Most importantly, Thomas does not claim he would have turned down the plea bargain

and gone to trial if he had heard the longer term from his lawyer. Thomas was convicted of possession with intent to distribute 100 grams or more of heroin, an offense calling for five to forty years imprisonment under the statute. By pleading guilty, Thomas avoided possible conviction on Count One, conspiracy to distribute a kilogram or more of heroin, a charge carrying a maximum sentence of twenty years. Within the sentencing range to which his plea exposed him, he obtained an agreed sentencing range of sixty to eighty-seven months or five to seven and one-quarter years. The Sentencing Guidelines called for a sentence of between 97 and 121 months, so the plea bargain brought Thomas to ten months under the Guidelines minimum.

**Objection Three**

In his Third Objection, Thomas requests the Ground for Relief pled in his Motion to Amend be substituted for Ground Two as originally pled and the Court has approved the amendment.

In his Second Ground for Relief as now before the Court, Thomas claims he received ineffective assistance of trial counsel when his attorney did not object to Judge Rice's imposition of a ten-year term of supervised release instead of the four years recommended by the Probation Department.

Here again the standard is that adopted in *Strickland*. Even assuming it was deficient performance for Mr. Durden not to object, Thomas has failed to show any prejudice. The term of ten years supervised release is certainly within the statutorily authorized term. Thomas has an extraordinary prior criminal record, beginning with theft at age thirteen and including ten prior drug-related convictions such that the Guideline sentencing range may not properly reflect the

4

prior record.  Supervising Thomas for ten years is surely substantively reasonable given his prior drug involvement and present scourge of heroin in this community.  It is very unlikely that an objection on Mr. Durden's part would have changed Judge Rice's mind on this point or that the Sixth Circuit would have reversed on this point.

**Conclusion**

Having reconsidered the case in light of the Objections and amendment, the Magistrate Judge again recommends that the Motion to Vacate be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).