IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,    :

    Plaintiff,

  v.    :    Case Nos. 3:13-cr-003, 3:16-cv-196

RAJA THOMAS,    JUDGE WALTER H. RICE

    Defendant.    :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #82) AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #86);
OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOCS. ##84,
88); DISMISSING WITH PREJUDICE DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE
(DOC. #80); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE
TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR
OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

On May 14, 2015, Defendant Raja Thomas was sentenced to 87 months imprisonment, followed by ten years of supervised release, after he pled guilty to Possession with Intent to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, a violation of 21 U.S.C. § 841. This matter is currently before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Doc. #80.

United States Magistrate Judge Michael R. Merz has issued a Report and Recommendations, Doc. #82, and a Supplemental Report and Recommendations,

Doc. #86, recommending that the Court dismiss the motion with prejudice.  Based on the reasoning and citations of authority set forth by Magistrate Judge Merz, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety.

Defendant's Objections thereto, Docs. ##84, 88, are OVERRULED.  His first Objection concerns the Court's alleged failure to rule on his motion for an extension of time to submit additional briefing in support of his motion, Doc. #81, prior to the issuance of the initial Report and Recommendations.  This Objection is overruled as moot.  The Court denied the motion for extension of time in a Notation Order dated May 23, 2016.  Although a copy of the Notation Order was mailed to Defendant, it was returned to the Court as undeliverable.  *See* Doc. #87.

Defendant's other Objections are overruled as meritless.  His two ineffective assistance of counsel claims, as amended, stem from the Court's imposition of the ten-year sentence of supervised release.  He challenges: (1) counsel's alleged erroneous advice that he would be sentenced to no more than four years of supervised release; and (2) counsel's alleged failure to object when the Court failed to provide adequate notice, under Fed. R. Crim. P. 32(h), that it was planning to depart from the applicable sentencing range for supervised release.

As Magistrate Judge Merz noted, in order to establish ineffective assistance of counsel, Defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984).  Defendant's Rule 11(c)(1)(C) plea agreement suggests an appropriate imprisonment range of 60-87 months, but

indicates that supervised release, fines and restitution are to be determined by the Court. Doc. #65, PageID#325. Defendant was subject to a term of supervised release ranging from four years to life. The ten-year term imposed by the Court is squarely within this range.

With respect to Ground One, assuming *arguendo* that counsel's performance was constitutionally deficient, in that he failed to tell Defendant that he could be sentenced to a term of supervised release in excess of four years, Defendant has failed to establish the requisite prejudice. As Magistrate Judge Merz noted, the plea agreement, signed by Defendant, clearly states that the Court may impose "*4 years up to lifetime* supervised release." Doc. #65, PageID#324 (emphasis added).[1] The Court also notified Defendant of this possibility during the plea colloquy. More importantly, Defendant has conceded that, even if his attorney had advised him that the Court might sentence him to ten years of supervised release, he still would have pled guilty. *See* Doc. #88, PageID#441. Under these circumstances, he is unable to satisfy the prejudice requirement with respect to Ground One.

In Ground Two, Defendant claims that his attorney should have objected to the Court's alleged failure to give notice that it was planning to depart upward

_____

[1] In his Objections to the Supplemental Report and Recommendations, Doc. #88, PageID##442-43, Defendant also suggests, for the first time, that his attorney should have negotiated a shorter term of supervised release as part of the Rule 11(c)(1)(C) plea agreement. The Court, however, would not have been bound to agree to it.

from the applicable sentencing range for supervised release, as required by Fed. R. Crim. P. 32(h). The Probation Officer had recommended a four-year term of supervised release. Defendant maintains that counsel's failure to object deprived him of the opportunity to comment on the contemplated departure. He also argues that, if his attorney had objected to the ten-year term of supervised release, there is a reasonable probability that the Court would have imposed a shorter term.

The Sixth Circuit has not yet decided whether the notice requirement of Rule 32(h) applies to sentences of *supervised release*.[2] However, it has held that, even if the Rule does apply, it is sufficient that the plea agreement states the possible supervised release sentencing range, and that the Presentence Investigation Report discusses the reasons cited by the Court for the sentence imposed. *See United States v. Presto*, 498 F.3d 415, 423 (6th Cir. 2007).

The plea agreement in this case clearly notes that Defendant is subject to a term of supervised release from four years to life. At the plea hearing, Defendant acknowledged that he understood this to be the case. At the sentencing hearing, the Court explained that it was imposing a somewhat harsh ten-year term of supervised release because of concerns about community safety and recidivism. The Court cited Defendant's conscious disregard of the law, as evidenced by his long criminal record, including numerous drug-related convictions, all discussed at length in the presentence investigation report. Given that these procedures were

---

[2] In *Irizarry v. United States*, 553 U.S. 708 (2008), the Supreme Court held that Rule 32(h) applies only to upward departures, not upward variances.

4

legally sufficient to comply with Rule 32(h), counsel's failure to object cannot be considered constitutionally deficient under the first prong of *Strickland*.

Defendant has also failed to establish the requisite prejudice.  As previously noted, he has conceded that he would have agreed to plead guilty even if he knew that the Court planned to impose a ten-year term of supervised release.  Moreover, he has failed to show that, but for his attorney's failure to object, there is a reasonable probability that the Court would have imposed a shorter term, particularly given his lengthy criminal history.

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  Doc. #80.

Judgment will be entered in favor of Plaintiff and against Defendant.

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Defendant is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned cases are hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 23, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE